(Nos. 26943, 26984.—Causes transferred.)
CORENE COWDERY, Appellant, *vs.* THE NORTHERN TRUST
COMPANY *et al.,* Appellees.

*Opinion filed March 16, 1943—Rehearing denied May 14, 1943.*

AIKEN, McCURRY, BENNETT & CLEARY, (CHARLES R.
AIKEN, of counsel,) for appellant.

GORDON, BUCKLEY & EDMONDS, (THOMAS S. EDMONDS,
of counsel,) for appellee The Northern Trust Company,
Trustee.

BULLINGER, MICHELS & DICUS, for appellee Chester V.
Cowdery.

DEFREES, FISKE, O'BRIEN & THOMSON, (VINCENT
O'BRIEN, and VIRGIL C. LUTRELL, of counsel,) for other
appellees.

Mr. JUSTICE SMITH delivered the opinion of the court:
This is a direct appeal from a decree of the superior
court of Cook county. Jurisdiction on direct appeal is
based upon the claim that constitutional questions are in-
volved. Case No. 26984, also entitled Corene Cowdery,
appellant, v. The Northern Trust Company *et al.,* appel-

lees, has been consolidated with this case, for submission and decision.

An examination of the pleadings discloses that appellant filed the original complaint for the purpose of obtaining a decree construing her father's will. Appellee Chester V. Cowdery is a brother of appellant. Both are interested in the trust created by their father's will, of which appellee the Northern Trust Company, is trustee. In her complaint, appellant alleged that she was informed and believed that her brother, Chester V. Cowdery, was incompetent, and that a guardian *ad litem* should be appointed to represent him in this suit. On May 6, 1941, an order was entered, appointing a guardian *ad litem* for Chester V. Cowdery. On May 13, 1941, Chester V. Cowdery appeared by another attorney and filed his answer to the complaint. In this answer he denied that he was an incompetent person and denied that a guardian *ad litem* should be appointed for him in this cause. On June 16, 1941, his guardian *ad litem* filed a formal answer to the complaint. On February 20, 1942, Chester V. Cowdery, by his attorneys other than the guardian *ad litem,* filed a counterclaim. In the counterclaim he referred to and adopted the answer theretofore filed by him. In his counterclaim he asked that the court determine the question of his mental competency; that the court enter a decree declaring him competent to manage his affairs; that his guardian *ad litem* be discharged from further duty, and that all the parties to the suit be enjoined from prosecuting any proceedings to determine the question of his sanity, except in this proceeding. On March 5, 1942, his guardian *ad litem* filed a motion to strike his counterclaim. By this unusual proceeding, he was placed in the position of litigating the question of his mental competency with his own guardian *ad litem.* Appellant, on March 12, 1942, also filed a motion to strike the counterclaim of Chester V. Cowdery. On April 15, 1942, appellant filed an answer to the counter-

claim of Chester V. Cowdery, in which she denied that he was legally competent, but averred the question of his incompetency should be adjudicated by a court of competent jurisdiction. On April 1, 1942, the guardian *ad litem* filed a formal answer to the counterclaim of Chester V. Cowdery. This answer to the counterclaim purports to be signed by still a different attorney acting as guardian *ad litem*.

Upon the issues as thus framed by the pleadings, the court impanelled a jury to which was submitted the question of the mental competency of Chester V. Cowdery. By the verdict of the jury he was found to be competent. This hearing was had and the verdict returned prior to the hearing of the cause on other issues on the merits. The court found and decreed that Chester V. Cowdery was mentally competent and capable of managing and caring for his own affairs. The complaint was dismissed for want of equity. The will was construed and the duties of the trustee defined on the counterclaim of the Northern Trust Company. All parties to the suit were restrained and enjoined from instituting and maintaining any proceedings relating to the competency of Chester V. Cowdery, or his right to collect the income from the trust estate. The court retained jurisdiction to determine any matters that might arise in the future in connection with the administration of the trust.

The constitutional question claimed by appellant to be involved giving this court jurisdiction, on direct appeal, is her assertion that the court below had no jurisdiction under the constitution to determine the question of the mental competency of Chester V. Cowdery in the manner in which that question was determined in this proceeding. His incompetency was alleged in the complaint. It was denied in his answer to the complaint. His competency was affirmatively averred in his counterclaim and denied in the answer of appellant to such counterclaim. That question was, therefore, made an issue in the case by both parties.

It was also a material issue for the reason that it was provided in the will, that in case of the incompetency of any beneficiary, the trustee should also act as guardian of such beneficiary and, as such, receive from the trustee all payments due such beneficiary. The question of the competency of Chester V. Cowdery was, therefore, a material issue in the case incident to, and directly involved in, the litigation. The court could not define the duties of the trustee without determining that issue. The court had jurisdiction to construe the will and to determine the duties of the trustee under the will. The questions of whether the court erred in the procedure followed, or in the decree entered, are questions of procedure and whether the court entered a proper decree. Such alleged errors do not challenge the jurisdiction of the court below or raise constitutional questions.

By the appeal in cause No. 26984, appellant seeks to have reviewed certain orders entered by the trial court in the same cause, subsequent to the entry of the decree. The orders appealed from in cause No. 26984 are orders fixing the fees of the numerous attorneys, the trustee, and the guardian *ad litem,* for services rendered in the cause in the court below. The principal question raised is that the court was without jurisdiction to fix these fees after the appeal was perfected from the decree sought to be reversed in cause No. 26943. There is no contention that any constitutional question, or other question, is involved which would give this court jurisdiction on direct appeal. This court is without jurisdiction.

The causes are transferred to the Appellate Court for the First District.

*Causes transferred.*